# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JOSEPHINE HARRIS, INDIVIDUALLY AND AS NEXT
FRIEND OF TRENESHIA HARRIS                                                      PLAINTIFFS

V.                                                                                                  CASE NO. 2:08CV37

CITY OF SENATOBIA, TATE COUNTY, MISSISSIPPI;
JUDGE ROBERT TAYLOR, AS TATE COUNTY JUSTICE
COURT JUDGE OR, ALTERNATIVELY, INDIVIDUALLY;
SAMMY WEBB, AS CHIEF OF POLICE OF SENATOBIA, OR,
ALTERNATIVELY, AS AN INDIVIDUAL,
WAL-MART, STORES EAST, LP, AND JOHN DOES 1-10                         DEFENDANTS

## ORDER

This cause comes before the court on the motions of defendants to dismiss plaintiffs' second amended complaint. The court, having considered the memoranda and submissions of the parties, concludes that the motions should be denied and that the issues raised therein should be considered, with supporting evidence, in the context of summary judgment motions.

This is, *inter alia,* a § 1983 action involving allegations of malicious prosecution and associated constitutional violations, along with supplemental state law claims. On May 5, 2007, a purse was stolen from the parking lot of Wal-Mart in Senatobia by an individual who drove away in a red vehicle. Plaintiff Josephine Harris was at Wal-Mart at the time of the theft, although she was not driving the red car which she customarily drove. These facts apparently gave rise to a case of mistaken identity, and on May 11, 2007, plaintiff was called in by Senatobia Police Chief Sammy Webb and arrested for the theft of the purse. In her complaint, plaintiff alleges that Wal-Mart had a copy of a videotape that would exonerate her and that Chief Webb and the Justice Court Judge who signed her arrest warrant "knew or should have known that Wal-Mart's security cameras would have

evidence pertinent to the alleged shoplifting." Harris was released on a $10,000 bond. Plaintiff alleges that, on May 16, 2007, Chief Webb, having finally viewed the videotape, brought her into the station and admitted that there was a videotape which cleared her and that she had been wrongly arrested. Feeling aggrieved, Harris filed this action, alleging both federal and state claims. Treneshia Harris, Josephine's minor daughter, has also filed claims seeking recovery for, *inter alia*, emotional distress which she allegedly suffered as a result of seeing her mother arrested.

In seeking dismissal, defendants set forth a number of different arguments, many of which appear to have considerable merit. Defendants correctly note that plaintiffs assert claims under certain constitutional provisions and case law which appear inapplicable, and there is considerable doubt as to whether Josephine Harris's malicious prosecution claims are viable in light of the Fifth Circuit's holding in *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)(holding that there exists no "freestanding constitutional right to be free from malicious prosecution."). The majority in *Castellano* did indicate that specific constitutional violations might arise in the course of conduct traditionally referred to as a "malicious prosecution," writing that:

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection-the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Castellano,* 352 F.3d at 953-54. It appears to this court that malicious prosecution and associated alleged constitutional violations are at the heart of the plaintiff's federal claims, and it seems likely that *Castellano* constitutes the field upon which many of the legal battles in this case will be fought.

While the Fifth Circuit concluded in *Castellano* that triable fact issues existed regarding

whether the plaintiff had suffered a constitutional violation in that case, it is apparent that the facts alleged by plaintiff in this case are a far cry from the allegations of deliberate falsification of evidence which were present in *Castellano*. *Id.* at 943. At the same time, it does seem clear that plaintiff did nothing to deserve to be arrested in this case, and it is unclear whether the actions of Chief Webb, as official policymaker for the City of Senatobia regarding law enforcement matters, might give rise to a finding that a constitutional violation was committed by the City. While there is some doubt as to whether plaintiff will be able to prove a constitutional violation in this case, the court concludes that a Rule 12(b)(6) motion to dismiss is not the proper legal framework to decide the legal issues in this case. It is apparent that the issues in this case would best be addressed in the context of a summary judgment motion after the circumstances of plaintiff's arrest have been more fully established.

It is possible that the facts of this case will only support a finding of simple negligence on the part of Chief Webb in failing to review the Wal-Mart videotape prior to arresting plaintiff, and such negligence is generally insufficient to give rise to a finding of a constitutional violation. *See e.g. Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). In addition, the fact that an arrest warrant was secured may shield the city from liability in this regard. *See Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)("Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest."). At the same time, defendants do face legal uncertainties of their own, and, given that the City appears to acknowledge that it made a mistake, the court would suggest that the parties attempt to reach a realistic evaluation and resolution of plaintiffs' claims without requiring a formal summary judgment motion from this court. Failing such, the court will consider the issues in this case in the context of a summary judgment motion,

and defendants' motions to dismiss will therefore be denied.

It is therefore ordered that defendants' motions to dismiss [34-1, 44-1, 45-1] are denied.

This is the 18th day of June, 2009.

          **/s/ MICHAEL P. MILLS**
          **CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF MISSISSIPPI**